Matter of Country-Wide Ins. Co. v National Indem. Co.

2026 NY Slip Op 02035

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Country-Wide Insurance Company, Petitioner-Respondent,

v

National Indemnity Company, Respondent-Appellant.

Decided and Entered: April 02, 2026

Index No. 651516/24|Appeal No. 6266|Case No. 2024-03592|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Barclay Damon LLP, New York (Laurence J. Rabinovich of counsel), for appellant.

Jaffe & VelÁzquez, LLP, New York (Jacob B. Weisfeld of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Eric Schumacher, J.), entered May 2, 2024, which granted the petition of Country-Wide Insurance Company to confirm an arbitration award and denied respondent's cross-motion to vacate the award and dismiss the petition to confirm, unanimously reversed, on the law, with costs, the petition denied, the cross-motion to vacate the award granted, and the petition dismissed.

Supreme Court should have granted respondent's cross-motion to vacate the arbitration award issued by Arbitration Forums Inc. (AFI) and dismiss the petition to confirm the award because the AFI did not have jurisdiction to decide the proceeding. At the root of the arbitration is a vehicle collision for which petitioner paid its insureds' claims under its no-fault coverage. Petitioners and its insureds sought to recover the funds from respondent, the insurer of the owner of the other vehicle involved in the collision. Respondent sent a letter disclaiming coverage because the vehicle involved in the collision was not a covered auto listed on the relevant policy schedule (the disclaimer letter). Over a year after receiving this letter, petitioner commenced the instant arbitration against respondent, pursuant to § 5105 of the Insurance Law, seeking subrogation reimbursement of its payment to its insured in connection with the collision. Respondents did not file the disclaimer letter in response. However, after an award was issued in petitioner's favor, respondent submitted a Post-Decision Inquiry with AFI, attaching the disclaimer letter.

This was in satisfaction of AFI rule 3-9, which provides that a responding insurance company may assert the coverage defenses of no liability policy in effect, denial of coverage up to 60 calendar days after the decision publication date and a minimum of 60 calendar days before the statute of limitations expires. The submission also rendered § 5105's mandatory arbitration provision inapplicable because respondent "in good faith assert[ed] a defense of lack of coverage" and "specific written consent of mandatory arbitration" was not obtained from respondent (Insurance Law [11 NYCRR] § 65-4.11[a][6]). Moreover, AFI rule 2-4 provides that "[i]f a denial/disclaimer of coverage is being pled . . . the party will be ruled out of jurisdiction so long as a copy of the denial/disclaimer of coverage letter to the party seeking liability coverage for the loss is submitted as evidence." Thus, the jurisdictional basis for the award issued by AFI in this loss transfer proceeding was vitiated upon respondent's submission of its Post-
Decision Inquiry attaching the disclaimer letter.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026